UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    REGINA FERGUSON,                                    Case No. 14-32257-dof
         Debtor.                                            Chapter 7 Proceeding
_____/          Hon. Daniel S. Opperman
REGINA FERGUSON,
         Plaintiff,

v.                                                                 Adversary Proceeding
                                                                  Case No. 14-3192-dof

GENESEE COUNTY CIRCUIT
COURT FAMILY DIVISON,
         Defendant.
_____/

## OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This adversary proceeding was filed by Debtor, Regina Ferguson, seeking a declaration from this Court that the debts due to Defendant are dischargeable in Debtor's bankruptcy proceeding. Defendant asserts that the debts at issue in this case are nondischargeable because they are domestic support obligations arising out of orders issued by the Family Division of the Circuit Court in the context of juvenile delinquency proceedings regarding two of Debtor's adopted children, Joshua and Marquan Ferguson. Defendant argues that the debts at issue are domestic support obligations because they were intended to cover the cost of maintenance and care for Joshua and Marquan Ferguson while they were placed outside of Debtor's home as wards of the Circuit Court. Debtor asserts that the debts do not constitute "domestic support obligations," and that they are dischargeable debts.

### BACKGROUND AND FACTS

Debtor is the adoptive parent of five children: Marquan Ferguson, Joshua Ferguson, Raymond Ferguson, Brittnay Ferguson, and Tayor Ferguson. For the period from June 21, 1999, through October 1, 2012, Debtor received an adoption subsidy of $1,711.43 per month from the Department of Human Services for the support and care of Joshua Ferguson. Between October 1, 2012, and March 15, 2013,

1

Debtor received an adoption subsidy of $1,802.69 per month for the support and care of Joshua Ferguson. For the period from January 1, 2008, until his emancipation in 2012, Debtor received an adoption subsidy of $1,011.77 per month for the support and care of Marquan Ferguson.

### A. Delinquency proceedings regarding Joshua Ferguson

On multiple occasions, Joshua Ferguson was removed from Debtor's home for delinquency by order of the Family Division of the Circuit Court. From August 14, 2008, through August 26, 2008, Joshua was committed to the care and custody of the Genesee Valley Regional Detention Center ("GVRDC"). Exhibit 3.[1] From October 21, 2008, through March 23, 2010, he was committed to the care and custody of the GVRDC and Holy Cross Children's Services. Exhibits 4, 5, 6, and 7. He was again committed to the care and custody of the GVRC from July 6, 2010, through September 27, 2010, and then transferred to the care and custody of George Junior Residential Care on September 27, 2010. Exhibits 8, 9, 10, 11, and 12. Joshua was returned to Debtor's home on May 31, 2012. Exhibits 13 and 14. On July 19, 2012, he was again removed from Debtor's home and committed to the care and custody of the Michigan Department of Human Services until his 18th birthday. Exhibits 15, 16, and 17.

On October 7, 2008, the Circuit Court found that Debtor was financially able to reimburse the court for the costs of care for Joshua Ferguson. Exhibit 1. The Circuit Court then ordered Debtor to pay any adoption subsidy benefits she received for the care and support of Joshua while he was placed outside of her home. *Id.* Each subsequent placement order in Joshua's case included a provision continuing this reimbursement requirement. The specific language used in this order was:

IT IS ORDERED:

4. Costs and expenses are assessed as follows:
. . .

   d. Child support or governmental benefits including social security funds or adoption subsidies, paid on behalf of a child, shall be redirected to the Genesee County Reimbursement Office for cost of care effective date of placement.

---

[1] The reference is to Exhibits attached to Defendant's Motion for Summary Judgment or Plaintiff's Response.

B. <u>Delinquency proceedings regarding Marquan Ferguson</u>

On multiple occasions, Marquan Ferguson was removed from Debtor's home for delinquency by order of the Family Division of the Circuit Court. From January 22, 2008, through March 11, 2008, Marquan was committed to the care and custody of the GVRDC. Exhibit 18. He was returned home on March 11, 2008, but was again committed to the care and custody of the GVRDC on April 23, 2008. Exhibit 19. He again returned home on May 7, 2008, but again was committed to the care and custody of the GVRDC on May 23, 2008. Exhibit 20. From June 17, 2008, through August 25, 2009, he was committed to the care and custody of Holy Cross Children's Services. Exhibits 21 and 22. On December 22, 2009, Marquan was again committed to the care and custody of the GVRDC through January 14, 2010. Exhibits 23 and 24. He was returned to the GVRDC on February 19, 2010, until March 23, 2010. Exhibit 25. On April 14, 2010, Marquan was again committed to the GVRDC. Exhibit 26. On June 11, 2010, he was committed to the care and custody of Boys Town Residential Treatment Center until his emancipation at age 19. Exhibits 27, 28, 29, and 30.

On January 22, 2008, the Circuit Court found that Debtor was financially able to reimburse the court for the costs of care for Marquan Ferguson. Exhibit 2. The Circuit Court then ordered Debtor to pay any adoption subsidy benefits she received for the care and support of Marquan while he was placed outside of her home. *Id.* Each subsequent placement order in Marquan's case included a provision continuing this reimbursement requirement. The specific language quoted from Joshua Ferguson's orders appeared in orders regarding Marquan Ferguson.

C. <u>Bankruptcy and Adversary Proceeding Background</u>

On August 13, 2014, Debtor filed a Chapter 7 bankruptcy petition. As of the petition date, Debtor owed $18,190.05 to the Circuit Court for the care of Marquan Ferguson, and $26,147.09 for the care of Joshua Ferguson, for a total due to the Circuit Court of $44,337.14.

Debtor filed an Adversary Proceeding Complaint seeking to establish that the debts due to the Circuit Court are dischargeable pursuant to pursuant to 11 U.S.C. §523(a)(7)(b), alleging that the debts due to the Circuit Court are "compensation for an actual pecuniary loss … [i]mposed with respect to a

3

transaction or event that occurred before three years before the date of the filing of the petition." 11 U.S.C. §523(a)(7)(b). Subsequently, Debtor filed an amended Adversary Proceeding Complaint, including the State of Michigan as a Defendant. Docket Entry 7. The Court re-issued a summons related to the Amended Adversary Proceeding Complaint on the same date. Docket Entry 9. Debtor failed to properly serve Defendant prior to the expiration of the re-issued summons. On January 5, 2015, the Court re-issued a summons for the Amended Adversary Proceeding Complaint, and Debtor completed service. Docket Entries 16 and 17.

On February 3, 2015, Defendant filed a Motion for Summary Judgment and Debtor filed a Response on February 11, 2015.

## APPLICABLE LAW

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp. 1223, 1227 (E.D. Mich. 1991).

### B. Adoption Subsidy Statutes

The United States government provides adoption assistance under Title IV-E of the Social Security Act, 42 U.S.C. 601, et. seq. In Michigan, adoption subsidies are administered by the Department of Human Services. MCL 400.115(m).

In Michigan, if an adoptive parent is receiving adoption subsidy benefits to assist with the care and support of a child, and the child is removed from the home by the Circuit Court for reasons of delinquency, the Department of Human Services is required to continue to pay adoption subsidy benefits to the parent while the child is removed from the home for delinquency.

> Support subsidy or re-determined adoption assistance shall continue during a period in which the adoptee is removed for delinquency from his or her home as a temporary court ward based on proceedings under section 18 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.18.

MCL 400.115j(7). However, the Circuit Court is required by statute to include a provision in the order removing the child from the home requiring the parent of the removed child to reimburse the court for the cost of the child's care while placed outside of the home.

> An order of disposition placing a juvenile in or committing a juvenile to care outside of the juvenile's own home and under state, county juvenile agency, or court supervision shall contain a provision for reimbursement by the juvenile, parent, guardian, or custodian to the court for the cost of care or service.

MCL 712A.18(2). The amount of reimbursement must be reasonable, and cannot exceed the amount of any adoption subsidy benefits received by the family.

> The order shall be reasonable, taking into account both the income and resources of the juvenile, parent, guardian, or custodian.… If the juvenile is receiving an adoption support subsidy under sections 115f to 115m of the social welfare act, 1939 PA 280, MCL 400.115f to 400.115m, the amount shall not exceed the amount of the support subsidy. The reimbursement provision applies during the entire period the juvenile remains in care outside of the juvenile's own home and under state, county juvenile agency, or court supervision, unless the juvenile is in the permanent custody of the court.

MCL 712A.18(2).

## ANALYSIS AND DISCUSSION

In this case, the material facts are not in dispute. The sole issue is the legal question of whether the debts at issue in this case are categorized as "compensation for [a] pecuniary loss" under 11 U.S.C. §523(a)(7)(b) as Debtor suggests in her Amended Adversary Complaint, or as domestic support obligations under 11 U.S.C. §523(a)(5). Defendant argues that Debtor has incorrectly categorized the debts at issue in this matter and that these debts are "domestic support obligations."

A. <u>Whether these debts constitute "domestic support obligations" under 11 U.S.C. § 101(14A)?</u>

The Bankruptcy Code defines a domestic support obligation as follows:

The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--

(A) owed to or recoverable by--
    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
    (ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
    (i) a separation agreement, divorce decree, or property settlement agreement;
    (ii) an order of a court of record; or
    (iii) a determination made in accordance with applicable non-bankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

*1. Whether the debts are owed to a governmental unit?*

The debts are owed to the Genesee County Circuit Court, a governmental unit. 11 U.S.C. § 101(14A)(a)(ii). As discussed above, the applicable non-bankruptcy law makes the debts payable to the Circuit Court.

> An order of disposition placing a juvenile in or committing a juvenile to care outside of the juvenile's own home and under state, county juvenile agency, or court supervision shall contain a provision for reimbursement by the juvenile, parent, guardian, or custodian to the court for the cost of care or service.

MCL 712A.18(2). It is undisputed that the Genesee County Circuit Court is a governmental entity.

6

*2. Whether the debts were imposed to provide for the care and maintenance of the Debtor's adopted children?*

The Circuit Court Orders imposed the debts for the purpose of providing maintenance and support for Debtor's adopted children, Joshua and Marquan Ferguson, while they were placed outside of Debtor's home pursuant to delinquency proceedings. 11 U.S.C. § 101(14A)(b). Indeed, the statute requires the Circuit Court to impose these debts states that the purpose of the obligations is to provide "for the cost of care or service" to the child.

> An order of disposition placing a juvenile in or committing a juvenile to care outside of the juvenile's own home and under state, county juvenile agency, or court supervision shall contain a provision for reimbursement by the juvenile, parent, guardian, or custodian to the court for the cost of care or service.

MCL 712A.18(2).

*3. Whether the debts were established by court orders in accordance with applicable law?*

The debts were established by court orders issued by the Genesee County Circuit Court on October 7, 2008 (Exhibit 1), and January 22, 2008 (Exhibit 2) in accordance with applicable non-bankruptcy law. 11 U.S.C. § 101(14A)(C). The operative Michigan statute, MCL 712A.18(2), quoted above, requires the Circuit Court to impose an obligation on Debtor to reimburse the Circuit Court for the cost of care and maintenance for the children while they are removed from Debtor's home.

*4. The debts were originally owed to the Circuit Court and not assigned?*

There has been no assignment of the debts at issue in this case. 11 U.S.C. § 101(14A)(D). These debts have been payable to the Circuit Court since they were first established. Exhibits 1 and 2.

The debts at issue here meet each element of the definition of a domestic support obligation as defined by 11 U.S.C. § 101(14A). Accordingly, they should be categorized as domestic support obligations.

B. <u>Whether domestic support obligations are dischargeable?</u>

11 U.S.C. §523(a)(5) states: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-- … for a domestic support obligation."

7

11 U.S.C. §523(a)(5). Defendant has established that these debts constitute "domestic support obligations." Therefore, the relief sought by Debtor in this adversary proceeding should be denied and Defendant's Motion for Summary Judgment should be granted.

Plaintiff argues that the Genesee County Circuit Court needed to determine the actual amount of support in order to qualify the obligation as a domestic support obligation. The Court could not find any persuasive authority supporting this argument. Second, the Circuit Court already found that Plaintiff was financially able to reimburse for incurred costs of care, so some financial analysis must have been made by the Circuit Court, but not stated in the Order. Third, while a specific dollar amount may have been more helpful, the lack of a specific amount is not fatal, especially considering the number of these cases handled by the Circuit Court. While the press of court business, which requires some routine or standard orders, should not be construed as a basis to elevate a debt to an exception to discharge status, neither should the Court improperly scrutinize an order when its meaning is clear. Finally, MCL 712A.18(2) limits the reimbursement to the amount of the adoption subsidy, so the Circuit Court knew of that limitation and applied it to this case.

Plaintiff also argues the language of each Order suggests that the placement of the words "adoption subsidies" in the sequenced order after "governmental benefits" mandates that the reimbursement is not child support, but instead a governmental benefit. Plaintiff's reading ignores the word "including," which is used in this context to add to or illustrate either "child support" or "governmental benefits". The greater context of the Orders, however, is to find that Plaintiff could pay the Circuit Court for costs incurred for the care of each child. Moreover, the Court does not agree that the sequence of the words compels the Court to find that these costs were not the type as defined as a domestic support obligation under the Bankruptcy Code.

## CONCLUSION

The debts described in Plaintiff's Complaint, as amended, are domestic support obligations and excepted from discharge. The Court therefore grants Defendant's Motion for Summary Judgment. Counsel for Defendant is directed to submit the order attached to Defendant's Motion for Summary Judgment in a manner consistent with the presentment of orders procedures of this Court.
.

**Signed on April 07, 2015**

                                       **/s/ Daniel S. Opperman**
                                       **Daniel S. Opperman**
                                       **United States Bankruptcy Judge**